ELECTRONICALLY FILED
2/7/2019 12:49 PM
51-CV-2019-900024.00
CIRCUIT COURT OF
MONROE COUNTY, ALABAMA
WESLEY HINES, CLERK

## IN THE CIRCUIT COURT OF MONROE COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM E. LONG, JR., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| VS. | ) |
| | ) |
| OLIN WINCHESTER, LLC d/b/a | ) |
| WINCHESTER AMMUNITION, | ) |
| WINCHESTER AMMUNITION, INC., | ) |
| OLIN CORPORATION, | ) |

"**A,**" those individuals, partnerships, firms, or corporations doing business as Winchester Ammunition, Inc., Olin Winchester, LLC, and Olin Corporation; "**B,**" the designer(s) of the subject Winchester ammunition; "**C,**" the distributor(s) of the subject Winchester ammunition; "**D,**" any entity responsible for warning of potential dangers or hazards associated with the use of the subject Winchester ammunition; "**E,**" any entity responsible for marketing, design or sale of the Winchester ammunition at the time of the acts/omission which gave rise to the subject incident, "**F**", any parent corporation, subsidiary corporation or alter ego of the named Defendants who played any role in the design, marketing, manufacture or sale of the subject ammunition. Plaintiff avers that the identities of all the foregoing fictitious party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identity as proper party Defendants is not known to Plaintiff at this time, but whose true and correct names will be substituted by amendment when the aforesaid lacking information is ascertained

| | |
|---|---|
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, **William E. Long, Jr.,** and files this Complaint against Defendants, **Olin Winchester, LLC d/b/a Winchester Ammunition, Winchester Ammunition, Inc., Olin Corporation,** and **Fictitious Defendants A-F**. In support of said Complaint, Plaintiff states the following:

### PARTIES

1.    William E. Long, Jr. ("Plaintiff") is an adult resident citizen of Monroe County, Alabama.

EXHIBIT A

2.      Olin Winchester, LLC is a foreign corporation with its principal place of business in Clayton, Missouri.

3.      Winchester Ammunition, Inc. is a foreign corporation with its principal place of business in East Alton, Illinois.

4.      Olin Corporation is a foreign corporation with its principal place of business in New York, New York.

## VENUE AND JURISDICTION

5.      Plaintiff is an adult resident of Monroe County, Alabama.  Defendants Olin Winchester, LLC, Winchester Ammunition, Inc., Olin Corporation, and Fictitious Defendants A-F (hereinafter collectively referred to as "Defendants") do business by agent in the state of Alabama.

6.      The accident that is the subject of this lawsuit took place in Monroe County, Alabama.

7.      All Defendants acted in conspiracy, in concert, and/or in an agency capacity with each other in connection with the claims alleged herein.  These Defendants are jointly and severally liable for the wrongful conduct alleged herein.

## BACKGROUND FACTS

8.      On or about February 8, 2017, Plaintiff was deer hunting in Monroe County, Alabama.  He was using a Ruger M77 .270 Win Caliber rifle.  Plaintiff was using a .270 Win cartridge as ammunition.  He had purchased the ammunition just months before firing the subject

EXHIBIT A

shot.  When Plaintiff fired the rifle, the cartridge exploded backwards into Plaintiff's face.

9.      The subject ammunition was designed, manufactured, marketed and sold by Defendants.  The cartridge was defective because it was overloaded with powder which over capacitated the ammunition.  The cartridge had too many grains which caused excessive chamber pressure no less than 65,000 PSI.  The shot and the excessive pressure also caused substantial damage to the forestock of the rifle.  Plaintiff did nothing to contribute to the cause of the subject incident.

10.     Plaintiff suffered severe permanent hearing loss and injuries to his face and both eyes.  Plaintiff has incurred medical expenses, lost wages, and has experienced severe pain, discomfort, and suffering, as well as mental anguish.

## COUNT ONE – NEGLIGENCE

11.     Plaintiff hereby adopts and incorporates by reference all preceding paragraphs and further alleges:

12.     Defendants owed a duty to use reasonable care in the manufacture, marketing, labeling, distribution, and design of its ammunition.

13.     Defendants breached their duty by failing to exercise such reasonable care in the manufacture, marketing, labeling, distribution, and design of its ammunition.   The cartridge was defective because it was overloaded with powder which over capacitated the ammunition.  The cartridge had too many grains which caused excessive chamber pressure.

14.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered damages as described above.

3

EXHIBIT A

## COUNT TWO– WANTONNESS

15.     Plaintiff hereby adopts and incorporates by reference all preceding paragraphs and further alleges:

16.     At all times relevant hereto, Defendants' conduct was intentional, wanton and/or outrageous and beyond the bounds of reasonableness, and was in reckless disregard for the welfare and benefit of others.

17.     As a direct and proximate result of Defendants' reckless and wanton conduct, Plaintiff has suffered damages as described above.

18.     Plaintiff is entitled to punitive damages as a result of Defendants' conduct.

## COUNT THREE – ALABAMA EXTENDED MANFACTURER'S LIABILITY DOCTRINE

19.     Plaintiff hereby adopts and incorporates by reference all preceding paragraphs and further alleges:

20.     Defendants designed, manufactured and sold the Winchester ammunition that Plaintiff was using at the time of his injury.

21.     Defendants had a duty, at the time of the design, manufacture, sale and distribution of the rifle cartridges in question, to design, manufacture, sell and distribute that cartridge in a responsible and safe way so as not to cause injury and/or death to the Plaintiff or members of the general public.

22.     The rifle cartridge in question was defective and unsafe for its intended purpose at

4

the time it left possession of these Defendants and at the time it was placed in the stream of commerce prior to the subject explosion.

23.     The rifle cartridge in question was defective and unsafe at the time of the subject explosion because it was unreasonable dangerous in that, among other things:

a. Defendants designed and manufactured the 270 WIN rifle cartridge such that it lacked adequate protection to prevent a foreseeable explosion, such as occurred on or about February 8, 2017.

b. The subject 270 WIN rifle cartridge unreasonably fails to protect users of the ammunition by including a proper safety system to prevent an explosion of a gun in which the ammunition is loaded, such as occurred on or about February 8, 2017.

c. The subject ammunition lacks adequate structural strength and protection to insure that its users are not injured or killed by an explosion of a gun in which the ammunition is loaded, such as occurred on or about February 8, 2017.

d. Defendants placed the subject ammunition on the market and in the stream of commerce without adequate warnings to its users and consumers of the ammunition of the propensity to cause injury or death under foreseeable and/or common explosions such as occurred on or about February 8, 2017.

e. Defendants failed to follow the standard of care in the design, testing, manufacturing, sale and marketing of the subject ammunition which a prudent manufacturer of the same or similar ammunition would and should have used, under the same or similar circumstances.

f. Defendants negligently designed, manufactured and tested the subject ammunition when said Defendants knew or should have known that the ammunition was unsafe and would cause irreparable harm, unreasonable risk of harm and/or death to the Plaintiff and/or other users of said ammunition.

g. Defendants negligently failed to maintain a quality control program that would prevent and detect defects in the subject ammunition.

h. Defendants negligently designed, manufactured, tested, marketed and sold the ammunition in a way that it would not withstand a foreseeable explosion scenario and which would injure and/or kill users of said ammunition.

24.     The ammunition reached Plaintiff without substantial modification.  Plaintiff was

EXHIBIT A

using the ammunition in a manner that it was intended to be used.

25.     The cartridge was defective because it was overloaded with powder which over capacitated the ammunition. The cartridge had too many grains which caused excessive chamber pressure.

26.     Plaintiff's use of the ammunition was foreseeable to Defendants.

27.     The ammunition was defective or unreasonably dangerous as defined by the AEMLD.

28.     The design, manufacture, sale and distribution of the defective ammunition by the Defendants were the proximate cause and/or contributing cause of the injuries caused to the Plaintiff on or about February 8, 2017, when the subject explosion occurred.


## DAMAGES

29.     Plaintiff hereby adopts and incorporates by reference all preceding paragraphs and further alleges:

30.     As to all Counts hereinabove, and as a proximate cause of Defendants' wrongful conduct, Plaintiff has suffered economic losses, mental anguish, emotional distress, and physical pain and suffering.

31.     At all times relevant hereto, Defendants' conduct was intentional and/or outrageous and beyond the bounds of reasonableness, and was in reckless disregard for the welfare and benefit of others. At all times relevant hereto, the wrongful acts of the Defendants were characterized by such outrageous conduct, aggravation, willfulness, wantonness, malice, gross negligence, recklessness, oppression, or insult as to entitle Plaintiff to punitive damages.

6

EXHIBIT A

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment in his favor on all counts and against the Defendants as follows:

(a)    compensatory damages;

(b)    punitive damages;

(c)    all costs of bringing this suit; and

(d)    such other and further relief as the Court deems just and proper under the circumstances.

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/s/ Champ Lyons, III

_____
CHAMP LYONS, III
COUNSEL FOR PLAINTIFF

OF COUNSEL:

**CHAMP LYONS III, P.C.**
P.O. Box 131388
Birmingham, AL  35213-1388
(205) 930-3131
(866) 618-4629 fax
champ@champlyons.com

7

EXHIBIT A

**Please serve Defendants via Certified U.S. Mail at:**

Olin Winchester, LLC
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Winchester Ammunition, Inc.
427 North Shamrock Street
East Alton, IL 62024

Olin Corporation
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

EXHIBIT A